UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARTY A. MIA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) 06 C 1455 |
| | ) |
| JOHN E. POTTER, Postmaster General, | ) |
| U.S. Postal Service, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION**

CHARLES P. KOCORAS, Chief District Judge:

Marty Mia ("Mia") filed this action against John E. Potter, the Postmaster General of the United States Postal Service ("USPS"), alleging employment discrimination in violation of the Americans with Disabilities Act and racial and sexual discrimination in violation of Title VII. Before the court are Mia's *In Forma Pauperis* Application and Financial Affidavit and Motion for Appointment of Counsel. However, because Mia has paid the applicable filing fee, his *In Forma Pauperis* Application is moot and, consequently, we turn to discuss only his Motion for Appointment of Counsel.

In addressing Mia's Motion for Appointment of Counsel, we first note that a civil litigant, even though indigent, has no right to appointed counsel. See Forbes v. Edgar, 112 F.3d 262, 264 (7th Cir. 1997). A court, however, in its broad discretion can request that an attorney handle the case pursuant to 28 U.S.C. § 1915(d). Id. The Seventh Circuit has set forth a non-exclusive list of five factors to be considered in determining whether or not to appoint counsel. They are: "(1) the merits of the indigent's claim for relief; (2) the ability of the indigent plaintiff to investigate crucial facts unaided by counsel; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) the capability of the indigent to present the case; and (5) the complexity of the legal issues raised by the complaint." Jackson v. County of McLean, 953 F.2d 1070, 1072 (7th Cir. 1992) (citing Maclin v. Freake, 650 F.2d 885, 887 (7th Cir. 1981)).

Paramount to our inquiry is that the movant is indigent and, based upon the Mia's Financial Affidavit, it is evident that he is not. According to the affidavit, Mia is currently employed by TruGreen Chemlawn and estimates his monthly salary to be approximately $2,307.00. In the last twelve months, Mia has received $16,355.46 in salary, $6,225.00 in rent payments, and $14,712.30 in pension and unemployment payments. Further, Mia estimates his liquid assets to be approximately: $2,800.00 in cash; $40.00 in Walgreen's stock; a 1996 Honda Civic DX estimated to be worth

$3,500.00; and real estate estimated to be worth $400,000.00. Mia has no dependants and pays a monthly mortgage payment of $1,756.70. Based upon Mia's affidavit, it is evident that he is not indigent and, consequently, his Motion for Appointment of Counsel is denied.

_____
Charles P. Kocoras
Chief Judge
United States District Court

Dated:   March 27, 2006