UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARTY A. MIA,                               )
                                            )
            Plaintiff,                      )
                                            )
    vs.                                     )       06 C 1455
                                            )
JOHN E. POTTER, Postmaster General,         )
United States Postal Service,               )
                                            )
            Defendant.                      )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

The following matter is before the court on the Motion of Defendant and Postmaster General of the United States Postal Service ("USPS") John E. Potter to dismiss Plaintiff, Marty A. Mia's ("Mia"), Complaint pursuant to Rule 12(b)(6). Additionally, before the court is Mia's Motion styled as one to Compel Defendant's Request for Dismissal. For the foregoing reasons, Defendants' Motion is denied and Mia's Motion is granted.

### BACKGROUND

The relevant facts are gleaned from the allegations set forth in Mia's First Amended Complaint, which, for present purposes, we are obligated to accept as true.

In addition, we have supplemented the facts found in Mia's First Amended Complaint with those provided in the parties' filings.

Mia is an African American woman and a resident of Illinois who was employed by the USPS. While so employed, Mia worked as both a Modified Postal Carrier and an Automated Postal Center Advisor at USPS's Palatine Colfax Office until USPS terminated her employment. Mia contends that USPS discriminated and retaliated against her both during the course of her employment and when terminating her. As a result, Mia filed a claim with the EEOC and was issued a Notice of Right to Sue Letter on December 14, 2005. On March 14, 2006, Mia filed a Complaint initiating the instant suit. On the same day, Mia was informed by the Clerk's Office that the Complaint was deficient and, that if she returned on March 15, 2006 to fix the problem, that the Complaint would be stamped as timely filed. Mia did as the Clerk's Office instructed; however, the Complaint was file stamped by the Clerk's Office indicating a filing date of March 16, 2006. On March 27, 2006, Mia filed a First Amended Complaint and, subsequently, on April 10, 2006, without leave of court, Mia filed a Second Amended Complaint. On June 8, 2006, Defendant filed the instant Motion to Dismiss alleging that Mia's Complaint was not timely filed. Subsequently, on June 29, 2006 Mia filed a Motion to Deny Defendant's Request for Dismissal of Plaintiff's Second Amended Complaint. On August 31, 2006, the Intake Supervisor from the

Clerk's Office informed the Court in a filed memorandum that Mia's recitation of the events surrounding the filing of her Complaint was accurate.

## LEGAL STANDARD

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of a complaint. Triad Assocs., Inc. v. Chicago Hous. Auth., 892 F.2d 583, 586 (7th Cir.1989). In ruling on a motion to dismiss, a court must construe the allegations of the complaint in the light most favorable to the plaintiff, and all well-pleaded facts and allegations in the complaint must be accepted as true. Bontkowski v. First Nat'l Bank of Cicero, 998 F.2d 459, 461 (7th Cir.1993). The allegations of a complaint should not be dismissed for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claim which would entitle [her] to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957). Further, in order to withstand a motion to dismiss, a complaint must allege facts sufficiently setting forth the essential elements of the cause of action. Lucien v. Preiner, 967 F.2d 1166, 1168 (7th Cir.1992). With these principles in mind, we turn to the instant Motion.

## DISCUSSION

Defendant does not take issue with whether Mia successfully pled her asserted claims, but instead contends that the Complaint is procedurally time barred because the

file stamp on the Complaint indicates that it was filed after the applicable limitations period lapsed. Further, Defendant argues that even if the Complaint was timely filed, Mia's Second Amended Complaint should be dismissed because Mia failed to seek leave of court to file it.

Following the receipt of a Notice of Right to Sue from the EEOC, a plaintiff must file a complaint within 90 days. 42 U.S.C. § 12117(a); <u>Threadgill v. Moore U.S.A., Inc.</u>, 269 F.3d 848, 849-50 (7th Cir. 2001). It is undisputed that Mia received the Right to Sue Letter on December 14, 2005, requiring her to file the instant suit by March 14, 2006, in order to do so timely. Mia submits that she filed her Complaint on March 14, 2006, but because of a deficiency, the Clerks Office improperly file stamped the Complaint as late and, therefore, equitable tolling applies. In contrast, Defendant argues that Mia procrastinated the filing of her Complaint to the deadline date for doing so and, therefore, no leeway for last minute problems should be granted.

In light of the Clerk's Office's documented intention to file stamp Mia's Complaint as timely, we find that the Complaint was in fact filed on time. Further, even if Mia's Complaint were to be found not timely filed, it is evident that the circumstances surrounding the filing of the Complaint would warrant equitable tolling of the applicable limitations period.

Finally, Defendant contends that Mia filed her Second Amended Complaint without requesting leave of court to do so and, consequently, the Second Amended Complaint should be dismissed. In response, Mia filed the present Motion to compel Defendant's request for dismissal to request that the Second Amended Complaint be accepted. Fed. R. Civ. Proc. 15(a) provides that leave to amend a complaint shall be freely granted "when justice so requires." Foman v. Davis, 371 U.S. 178, 182 (1962). Whether to grant a motion to amend is within the sound discretion of the district court. Kleinhans v. Lisle Sav. Profit Sharing Trust, 810 F.2d 618, 625 (1987); Cohen v. Ill. Inst. of Tech., 581 F.2d 658, 661 (7th Cir.), cert. denied, 439 U.S. 1135 (1978). Leave to amend should not be denied solely because the amendment is offered late in the case. Gregg Commc'ns v. American Tel. & Tel. Co., 98 F.R.D. 715, 721 (N.D. Ill. 1983). Undue delay, bad faith, or dilatory motive on the part of the moving party; the movant's failure to cure deficiencies by previous amendments; undue prejudice to the opposing party by virtue of allowance of the amendment; and futility of the amendment constitute grounds for denial of leave to amend. Kleinhans, 810 F.2d at 625.

Defendant argues that Mia's Second Amended Complaint should be dismissed because it is identical to the First Amended Complaint and therefore adds nothing new. After reviewing the submissions, it is clear that although minor changes have been made in the Second Amended Complaint, those changes are only cosmetic and do not

change the amended paragraphs in any material way. Because Defendant has presented no evidence showing a bad motive on Mia's part, Mia's Motion will be granted.

## CONCLUSION

For the reasons set forth above, Defendants' 12(b)(6) Motion to Dismiss is denied and Mia's Motion to compel dismissal of the Second Amended Complaint is granted.

/s/ Charles P. Kocoras

Charles P. Kocoras
United States District Judge

Dated:  September 5, 2006